# In the United States Court of Federal Claims

No. 20-635C
Filed: February 4, 2021
NOT FOR PUBLICATION

| | | |
|---|---|---|
| ROBERT A. SPARKS, | ) | |
| | ) | |
| Plaintiff, | ) | *Pro se*; RCFC 12(b)(1); Subject-Matter |
| | ) | Jurisdiction; Tort Claims; Veterans |
| v. | ) | Benefits; RCFC 12(b)(6); Failure To State |
| | ) | A Claim. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Robert A. Sparks*, Leonardtown, MD, plaintiff *pro se*.

*Margaret J. Jantzen*, Trial Attorney, *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Ethan P. Davis*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I. INTRODUCTION

Plaintiff *pro se*, Robert A. Sparks, brings this action against the United States alleging that he contracted an infection after undergoing a dental procedure performed at a United States Department of Veterans Affairs (the "VA") dental clinic. *See generally* Compl. As relief, plaintiff seeks to recover $5 million in monetary damages from the United States. *Id.* at ¶ 3.

The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and (6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also filed a motion to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. For the reasons set forth below, the Court: (1) **GRANTS** the government's motion to

dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

Plaintiff, *pro se*, Robert A. Sparks, is a United States Army veteran.  Pl. Resp. at 1.  In the complaint, plaintiff alleges that he contracted an infection after undergoing a dental procedure performed at a VA dental clinic located in Washington, DC.  *See* Compl. at ¶¶ 1, 3. As relief, plaintiff seeks to recover $5 million in monetary damages from the government.  *Id.* at ¶ 4.

Specifically, plaintiff alleges that, on September 22, 2017, he received a tooth filling at a VA dental clinic and that he "started getting sick" after the procedure and "was really sick" by the time he got home.  *Id.* at ¶¶ 1, 3.  Plaintiff also alleges that, on September 24, 2017, he was admitted to the Surgical Intensive Care Unit at the VA Medical Center in Washington, DC and underwent surgery.  *See id.* at ¶ 3.

In addition, plaintiff alleges that a doctor subsequently told him that his infection had been caused by his tooth filling procedure.  *See id.*  And so, plaintiff seeks monetary damages from the government as compensation for "what [the VA has] done" and recovery for "pain [and] suffering . . . in the amount of . . . five million dollars . . . ."  *Id.* at ¶ 4.

### B.     Procedural History

Plaintiff commenced this action and filed a motion to proceed *in forma pauperis* on May 18, 2020.  *See generally* Compl.; Pl. Mot.  On July 19, 2020, the government filed a motion to dismiss this matter, pursuant to RCFC 12(b)(1) and (6).  *See generally* Def. Mot.

On August 12, 2020, plaintiff filed a response to the government's motion to dismiss. *See generally* Pl. Resp.  On August 26, 2020, the government filed a reply in support of its motion to dismiss.  *See generally* Def. Reply.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."); the government's motion to dismiss ("Def. Mot."); and plaintiff's response thereto ("Pl. Resp.").  Unless otherwise noted herein, the facts recited are undisputed.

These matters having been fully briefed, the Court resolves the pending motions.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel.  And so, the Court applies the pleading requirements leniently.  *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)).  When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014).  But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading."  *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).

Given this, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence."  *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).  And so, the Court may excuse ambiguities, but not defects, in the complaint.  *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the [C]ourt's jurisdictional requirements.") (citing *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)) (emphasis added); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("*Pro se* litigants are not immune from laws and rules of procedure simply on the basis of their *pro se* status.") (citation omitted).

### B. RCFC 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United*

*Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); RCFC 12(b)(1).

Plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (citing RCFC 12(h)(3)).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (brackets existing) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Specifically relevant to this matter, it is well-established that this Court does not possess subject-matter jurisdiction to review tort claims. 28 U.S.C. § 1491(a)(l); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343

(Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010). And so, the Court must dismiss tort claims for lack of subject matter jurisdiction.

In addition, this Court has also recognized that "[c]laims for veterans' benefits are not within the jurisdiction of the Court of Federal Claims." *See, e.g.*, *Berkowitz v. United States*, No. 07-328C, 2014 WL 4387851, at *4 (Fed. Cl. Sept. 4, 2014) (quoting *Van Allen v. United States*, 66 Fed. Cl. 294, 296 (2005)). And so, "[d]isputes concerning veterans' benefits are handled internally by the VA" at the Board of Veterans Appeals, "with appeal to the United States Court of Appeals for Veterans Claims." *Berkowitz*, 2014 WL 4387851, at *4; *see* 38 U.S.C. §§ 7105, 7252.

### C.      RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), this Court similarly assumes that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Call Henry, Inc. v. United States*, 855 F.3d 1348, 1354 (Fed. Cir. 2017) (citing *Bell/Heery v. United States*, 739 F.3d 1324, 1330 (Fed. Cir. 2014)). And so, to survive a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 678-79 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### IV.     LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), upon the grounds that the Court does not possess subject-matter jurisdiction to consider plaintiff's tort and veterans' benefits claims. Def. Mot. at 3-4. The

government has also moved to dismiss this matter for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6), upon the ground that plaintiff has failed to plausibly allege a breach of contract claim against the government. *See id.* at 4-5. Plaintiff has also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot.

For the reasons discussed below, the Court does not possess subject-matter jurisdiction to consider plaintiff's tort and veterans' benefits claims. Plaintiff has, however, satisfied the statutory requirements to proceed in this matter without paying the Court's filing fee. And so, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

### A.     The Court May Not Consider Plaintiff's Tort Claims

As an initial matter, the Court must dismiss plaintiff's claim alleging that he contracted an infection after undergoing a dental procedure performed at a VA dental clinic located in Washington, DC, because this claim sounds in tort. It is well-established that the Tucker Act expressly excludes tort claims from the jurisdiction of this Court. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*.") (emphasis added); *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[t]he plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort"). In this case, plaintiff seeks to recover monetary damages from the government for pain and suffering that he allegedly experienced as a result of contracting an infection after undergoing the aforementioned dental procedure at a VA dental clinic. Compl. at ¶¶ 1, 3-4. Because plaintiff's claim sounds in tort, the Court DISMISSES this claim for lack of subject-matter jurisdiction. *Utley v. United States*, 144 Fed. Cl. 573, 577 (2019) (citing *Gable v. United States*, 106 Fed. Cl. 294, 298 (2012)); *Mendez-Cardenas v. United States*, 88 Fed. Cl. 162, 166 (2009) (holding that medical malpractice and negligence claims sound in tort and are therefore not subject to this Court's jurisdiction); RCFC 12(b)(1).

### B.      The Court May Not Consider Plaintiff's Veterans' Benefits Claim

To the extent that plaintiff asserts a claim for veterans' benefits in this case, the Court must also dismiss this claim.  It is well-established that this Court does not possess subject-matter jurisdiction to consider veterans' benefits claims, because the termination and recoupment of veterans' benefits falls within the sole purview of the VA.  *See, e.g.*, *Berkowitz v. United States*, No. 07-328C, 2014 WL 4387851, at *4 (Fed. Cl. Sept. 4, 2014) (citing *Van Allen v. United States*, 66 Fed. Cl. 294, 296 (2005)); *see also* 38 U.S.C. §§ 7105, 7252.  Plaintiff states in the complaint that he seeks compensation for "what [the VA has] done."  Compl. at ¶ 4.  To the extent that plaintiff's claim is a claim for veterans' benefits, the Court must dismiss this claim for lack of subject-matter jurisdiction.  RCFC 12(b)(1).[2]

### C.      Plaintiff May Proceed *In Forma Pauperis*

As a final matter, plaintiff has moved to proceed in this matter *in forma pauperis*.  *See generally* Pl. Mot.  This Court may authorize the commencement of a suit without prepayment of fees when a plaintiff submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress.  *See* 28 U.S.C. § 1915(a)(1); *see also id.* § 2503(d).  In his application to proceed *in forma pauperis*, plaintiff indicates that he is not employed and that he is unable to pay the Court's filing fee.  Pl. Mot. at 1.  Given this, the Court concludes that plaintiff has satisfied the statutory requirements to proceed in this matter *in forma pauperis* for the purpose of resolving the government's motion to dismiss.

## V.      CONCLUSION

In sum, the most generous reading of the complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims.  In addition, plaintiff has

---

[2] The Court does not read the complaint to assert a breach of contract claim against the government. Nonetheless, to the extent that plaintiff asserts a contract claim in the complaint, the government correctly argues that plaintiff has not plausibly alleged a breach of contract claim against the United States in this case.  Def. Mot. at 4-5; *see also Aboo v. United States*, 86 Fed. Cl. 618, 626, *aff'd*, 347 F. App'x 581 (Fed. Cir. 2009) (quoting *Cooley v. United States*, 76 Fed. Cl. 549, 555-56 (2007) (holding that a plaintiff must demonstrate the existence of a valid contract to prevail on a breach of contract claim against the government)).

satisfied the statutory requirements to proceed in this matter without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;

2. **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and

3. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge